EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Enmiendas al Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría; al Reglamento Notarial de Puerto Rico; al Reglamento del Programa de Educación Jurídica Continua, y al Reglamento del Tribunal Supremo de Puerto Rico | 2020 TSPR 10  203 DPR \_\_\_\_\_ |
| --- | --- |

Número del Caso: ER-2020-02

Fecha: 7 de febrero de 2020

Materia: Resolución del Tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Enmiendas al Reglamento para la
Admisión de Aspirantes al
Ejercicio de la Abogacía y la
Notaría; al Reglamento Notarial
de Puerto Rico; al Reglamento
del Programa de Educación
Jurídica Continua, y al
Reglamento del Tribunal Supremo
de Puerto Rico

ER-2020-02

RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2020.

Mediante Resolución de 14 de diciembre de 2016, EC-2016-01, este Tribunal reconstituyó la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico (Comisión Notarial), adscrita al Secretariado de la Conferencia Judicial y Notarial (Secretariado), con el propósito de actualizar las propuestas consignadas en el *Informe de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico* presentado en el 2010. In re Com. Estudio y Eval. Fun. Notarial, 197 DPR 1 (2016).

En cumplimiento con su encomienda, el 30 de abril de 2019 la Comisión Notarial entregó formalmente su *Segundo Informe de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico* (Segundo Informe). En este, se presentaron diversas propuestas de enmienda al ordenamiento jurídico notarial. Entre los asuntos discutidos se encuentran la formación académica, los criterios de admisión aplicables a las personas aspirantes al ejercicio de la notaría y la educación jurídica continua del notariado.

Conforme a lo requerido por este Tribunal, la Comisión Notarial inició sus esfuerzos revaluando las propuestas contenidas en el Informe de 2010. Además, consideró las recomendaciones de los Talleres Grupales

que formaron parte de la Segunda Sesión Ordinaria de la Conferencia Notarial de Puerto Rico celebrada en octubre de 2015, las comparecencias escritas de las dependencias de la Rama Judicial y comparó el ordenamiento notarial de Puerto Rico con otras jurisdicciones en las que rige el notariado de estirpe latina. Asimismo, suministró una encuesta a los notarios y las notarias y realizó un estudio sobre la actividad en el Registro de la Propiedad para atemperar la Radiografía del Notariado Puertorriqueño. Se actualizó, además, el análisis de faltas éticas cometidas con mayor frecuencia y la información provista en el Informe de 2010 por el Programa de Educación Jurídica Continua (PEJC), la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría (Junta Examinadora) y las escuelas o facultades de Derecho del País.[1] Miembros de la Comisión Notarial también sostuvieron reuniones con la Decana y los Decanos de las tres Escuelas de Derecho para discutir todo lo relativo a la preparación académica de los aspirantes a la notaría y la deseabilidad de establecer requisitos adicionales para ingresar al notariado en Puerto Rico.[2]

Recientemente, encaminamos el proceso de consideración de las propuestas incluidas en el Segundo Informe de la Comisión Notarial.[3] En aras de asegurar que el notariado puertorriqueño esté compuesto por profesionales de la más alta capacidad y competencia para ejercer tan puntilloso ministerio, y en atención a la necesidad de garantizar que la ciudadanía cuente con profesionales plenamente capacitados para imprimir certeza y seguridad a los negocios jurídicos, resolvemos que es necesario aprobar enmiendas adicionales atinentes a su formación académica y desarrollo profesional. Entre los

---

[1] La mayoría de los notarios o de las notarias que contestaron la encuesta están a favor de que la admisión para tomar el examen de Reválida Notarial se condicione a la aprobación de cursos o talleres adicionales al mínimo actualmente requerido. De igual modo, las estadísticas del Programa de Educación Jurídica Continua (PEJC) reflejaron que la mayoría de los y las profesionales del Derecho que incumplieron con los requisitos de educación jurídica eran notarios o notarias.

[2] En su Informe a este Tribunal la Comisión Notarial consignó que la Decana y los Decanos de las tres Escuelas de Derecho reflexionaron sobre la posibilidad de añadir cursos adicionales sobre Derecho Notarial "en aras de proveer a la persona aspirante al ejercicio de la notaría una preparación que incluya cursos sobre derecho sustantivo y práctico. En todas las entrevistas quedó demostrado el interés y la disposición de los decanos y la decana de trabajar en colaboración con la Comisión Notarial para el establecimiento de currículos uniformes en materia de Derecho Notarial". Segundo Informe, pág. 63.

[3] En virtud de la Resolución de 7 de noviembre de 2019, ER-2019-06, este Tribunal enmendó la Regla 7.1.1 del Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, 4 LPRA Ap. XVII-B, con el propósito de disponer que toda persona aspirante al ejercicio de la notaría deberá aprobar el examen de Reválida General previo a solicitar el examen de Reválida Notarial.

objetivos fundamentales de estos cambios que propuso la Comisión Notarial y que hoy acogemos, se destacan los siguientes:

1. Promover una formación académica más completa del notariado, al requerir créditos adicionales en materia de Derecho Notarial y un mínimo de créditos en otras materias de Derecho Civil que inciden en la práctica notarial como condición para aspirar al examen de Reválida Notarial.

2. Añadir como requisito haber juramentado y estar admitido o admitida al ejercicio de la abogacía y presentar evidencia que lo acredite para solicitar el examen de Reválida Notarial.

3. Extender el examen de Reválida Notarial a un día, de modo que se pueda evaluar el conocimiento teórico y práctico de la persona aspirante en materia de Derecho Notarial y en aquellas que inciden sobre la práctica de la notaría.

4. Celebrar una ceremonia de juramentación como acto solemne que marque la admisión al ejercicio de la notaría, la cual podrá llevarse a cabo durante la ceremonia de juramentación para el ejercicio de la abogacía.

5. Establecer que los notarios y las notarias, dentro de las veinticuatro (24) horas crédito de educación jurídica continua requeridas, deberán cumplir con un mínimo de nueve horas crédito en cursos de Derecho Notarial.

6. Disponer que quienes, voluntaria o involuntariamente, hayan cesado en la práctica notarial y quienes, luego de haber aprobado la Reválida Notarial, no soliciten autorización para ejercer la notaría dentro del término de cinco años, deberán acreditar haber completado un mínimo de doce horas crédito de educación jurídica continua en cursos de Derecho Notarial previo a solicitar autorización para ejercer la notaría.

En concordancia con lo anterior, el Tribunal aprueba los cambios enumerados a continuación.[4]
1. Se enmienda la Regla 4.3 del Reglamento para la Admisión

---

[4] Luego de adoptar los objetivos descritos, formulamos las enmiendas a tono con las recomendaciones de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico, adscrita al Secretariado de la Conferencia Judicial y Notarial, así como con el insumo de las siguientes dependencias: la Oficina de Inspección de Notarías; la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría, y el PEJC.

de Aspirantes al Ejercicio de la Abogacía y la Notaría, 4 LPRA Ap. XVII-B, para que en lo sucesivo disponga lo siguiente:

**Regla 4. Requisitos de admisión al ejercicio de la abogacía y la notaría**

(4.1) […]

(4.2) […]

(4.3) *Requisitos para el ejercicio de la notaría.—*

(4.3.1) Toda persona que desee ser admitida al ejercicio de la profesión notarial en el Estado Libre Asociado de Puerto Rico deberá cumplir con l~~os~~ ~~requisitos~~ siguiente~~s~~:

(a) ~~cumplir con~~ los requisitos establecidos en la Regla 4.1 de este Reglamento, ~~y~~

(b) haber sido admitida y juramentada al ejercicio de la abogacía, y

~~(b)~~ (c) aprobar un examen de Reválida Notarial preparado, administrado y evaluado por la Junta. Esta regla no se aplicará a ninguna persona que haya sido admitida a la profesión de abogado en Puerto Rico con anterioridad al 1ro de abril de 1983.

2. Se enmienda la Regla 7 del Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, supra, como sigue:

**Regla 7. Requisitos de admisión al examen de reválida notarial**

*(7.1) Requisitos.—*

(7.1.1) Toda persona interesada en solicitar el examen de reválida notarial deberá cumplir con l~~os~~ ~~requisitos~~ siguiente~~s~~:

(a) ~~cumplir con~~ los requisitos que establece la Regla 4.1.1, ~~y~~

(b) haber sido admitida y juramentada al ejercicio de la abogacía en Puerto Rico, y

~~(b)~~ (c) haber aprobado con una calificación satisfactoria, ~~un curso de derecho notarial~~ en cualquier escuela de derecho acreditada por la *American Bar Association* o por el tribunal~~.~~, un

mínimo de:

(i) tres (3) créditos de Derecho Notarial relacionados al Derecho Notarial Sustantivo,

(ii) tres (3) créditos de Derecho de Sucesiones,

(iii) tres (3) créditos de Derecho Hipotecario,

(iv) tres (3) créditos de Derecho de Familia,

(v) tres (3) créditos de Derecho de Obligaciones y Contratos,

(vi) cinco (5) créditos de Derecho Notarial Práctico, que podrán acumularse en clínicas, cursos, seminarios o programas especializados en la práctica notarial y que integren las distintas facultades delegadas al notariado puertorriqueño, así como la aplicación de materias relacionadas al Derecho Notarial.

Se entenderá como calificación satisfactoria las calificaciones "A", "B", "C" o sus equivalentes.

(7.2) *Solicitud.—*

(7.2.1) ~~Todo~~ Toda persona aspirante al ejercicio de la notaría presentará una solicitud de reválida notarial similar a lo dispuesto en la Regla 6 de este apéndice, en la cual certifique, entre otros asuntos ~~otras cosas~~, que cumple con los requisitos ~~del inciso (6.2.1)~~ las Reglas 6 y 7 de este apéndice. Como parte de esta solicitud, deberá someter copia del certificado acreditativo de la autorización y admisión al ejercicio de la abogacía emitido por el Tribunal Supremo de Puerto Rico una vez celebrada la juramentación.

3. Se enmienda la Regla 8 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, como sigue:

**Regla 8. Del ingreso al notariado; examen de reválida; educación continua**

(A) Podrá ser admitida al ejercicio del notariado cualquier persona que, además de ser admitida por el Tribunal Supremo de Puerto Rico al ejercicio de la profesión de abogado, hubiere aprobado un examen de reválida sobre Derecho Notarial preparado y ofrecido

por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía.

(B) No le será requerido dicho examen a persona alguna que hubiere sido admitida al ejercicio de la abogacía antes del primero de julio de 1983.

El examen de admisión al ejercicio del notariado comprenderá, además de la materia de Derecho Notarial, aquellas otras materias relacionadas que la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía estime apropiadas.

(C) La persona aspirante al ejercicio de la notaría deberá acreditar, conforme dispone el Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, 4 LPRA Ap. XVII-B, que aprobó satisfactoriamente un mínimo de: tres (3) créditos de Derecho Notarial Sustantivo, y cinco (5) créditos de Derecho Notarial Práctico, que podrán acumularse en clínicas, cursos, seminarios o programas especializados en la práctica notarial y que integren las distintas facultades delegadas al notariado puertorriqueño, así como la aplicación de materias relacionadas al Derecho Notarial.

(D) Según lo determine el Tribunal Supremo, todo profesional del Derecho que haya aprobado la Reválida Notarial tendrá que presentar una certificación emitida por el Programa de Educación Jurídica Continua que acredite su cumplimiento con los requisitos del Programa y que tomó un mínimo de doce (12) horas crédito en cursos de Derecho Notarial con proveedores autorizados por el Programa de Educación Jurídica Continua previo a solicitar la autorización para ejercer la notaría, cuando:

(1) No haya solicitado autorización para ejercer la notaría en Puerto Rico dentro de los cinco (5) años contados a partir de la notificación de aprobación de la Reválida Notarial.

(2) Haya cesado su práctica notarial, voluntaria o involuntariamente, por cinco (5) años o más.

Este requisito no aplicará a quienes cesaron su práctica notarial para ocupar algún cargo a través del cual ha mantenido al día su conocimiento sobre el Derecho Notarial, como corolario del cargo público. Tampoco aplicará al personal de la ODIN que sea miembro de la profesión de la abogacía, tales como el Director, Director Auxiliar, los Inspectores de Protocolos, el personal asesor y con funciones

administrativas, entre otros puestos similares que determine el Tribunal Supremo.

4. Se enmienda la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-F, para que disponga de la manera siguiente:

**Regla 29. Cumplimiento**

(a) El y la profesional del Derecho activo o activa deberá cumplir con un mínimo de 24 horas crédito de educación jurídica continua en cada periodo de 3 años. De esas 24 horas crédito, al menos 4 deberán dedicarse a cursos de ética profesional. Dentro de las 24 horas crédito requeridas, quienes tengan estatus de activo en la notaría al momento de terminar el periodo de cumplimiento deberán tomar al menos ~~6~~ 9 horas crédito en cursos de Derecho Notarial. Las horas crédito en exceso del mínimo requerido se podrán acreditar al periodo siguiente siempre que no excedan de 24 horas. Al finalizar cada periodo de cumplimiento, el o la profesional del Derecho deberá asegurar que su cumplimiento está acreditado por el Programa. De haber discrepancia, el o la profesional del Derecho deberá evidenciar el cumplimiento.

No obstante, y conforme a lo dispuesto en la Regla 13 (a) del Reglamento del Tribunal Supremo, de Puerto Rico, 4 LPRA Ap. XXI-B, el o la profesional del Derecho que lleve más de 5 años sin ejercer la práctica notarial, deberá completar 12 horas crédito en cursos de Derecho Notarial como condición para su admisión o readmisión a la profesión notarial. Asimismo, el Tribunal Supremo podrá requerir que subsane deudas crediticias de periodos anteriores y que tome el número de créditos que estime conveniente.

(b) […]

(c) […]

5. Se enmienda la Regla 13 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, para que disponga de la manera siguiente:

**Regla 13. Admisión al Notariado**

(a) Cualquier persona que haya sido admitida por este Tribunal al ejercicio de la profesión de la abogacía y que, además, haya aprobado un examen de reválida sobre derecho notarial preparado y ofrecido

por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría, podrá ser admitida al ejercicio del notariado. El requisito del examen sobre derecho notarial no se aplicará a persona alguna que haya sido admitida al ejercicio de la abogacía en o antes del 1 de julio de 1983.

Una vez aprobado el examen, el candidato o la candidata deberá presentar al Secretario o a la Secretaria del Tribunal la correspondiente solicitud acompañada de una fianza en duplicado a favor del Estado Libre Asociado de Puerto Rico por la suma que exige la ley. <u>Además, deberá presentar una certificación emitida por el Programa de Educación Jurídica Continua que acredite su cumplimiento con los requisitos del Programa y que tomó un mínimo de doce (12) horas crédito en cursos de Derecho Notarial, previo a presentar la solicitud, cuando:</u>

<u>(1) No haya solicitado autorización para ejercer la notaría en Puerto Rico dentro de los cinco (5) años contados a partir de la notificación de aprobación de la Reválida Notarial.</u>

<u>(2) Haya cesado su práctica notarial, voluntaria o involuntariamente, por cinco (5) años o más.</u>

<u>Este requisito no aplicará a quienes cesaron su práctica notarial para ocupar algún cargo a través del cual ha mantenido al día su conocimiento sobre el Derecho Notarial, como corolario del cargo público. Tampoco aplicará al personal de la ODIN que sea miembro de la profesión de la abogacía, tales como el Director, Director Auxiliar, los Inspectores de Protocolos, el personal asesor y con funciones administrativas, entre otros puestos similares, según determine el Tribunal Supremo.</u>

Aprobada la fianza por el Tribunal y una vez se admite el peticionario o la peticionaria al ejercicio del notariado, deberá prestar el juramento de rigor ante <u>el Tribunal Supremo en pleno, ante cualquiera de sus salas o de sus jueces y juezas o</u> el Secretario o la Secretaria del Tribunal. Hecho esto, el notario o la notaria registrará su firma, signo, sello y rúbrica en la Secretaría de este Tribunal y en el Departamento de Estado, y notificará ~~a la sala correspondiente del Tribunal de Primera Instancia~~ al Director o <u>a la</u> Directora de la Oficina de Inspección de Notarías, el lugar de residencia y la localización de su oficina notarial. Todos los meses, no más tarde del décimo día calendario del mes siguiente al informado, remitirá

un índice informativo de todas las escrituras y los testimonios autorizados por él o ella, conforme el Artículo 12 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2023). Los notarios y las notarias notificarán cualquier cambio de residencia o de oficina notarial al Secretario o a la Secretaria del Tribunal Supremo y al Director o Directora de la Oficina de Inspección de Notarías.

(b) […]

(c) […]

(d) […]

En atención a las enmiendas aquí aprobadas relacionadas al currículo académico requerido a las personas aspirantes para ejercer la notaría, acogemos la recomendación de la Comisión Notarial de ampliar la duración del examen de Reválida Notarial a un día. Se le instruye la Junta Examinadora a que, al amparo de la discreción reconocida en la Regla 5 del Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, supra, establezca los pormenores de formato y técnicas de las preguntas en conformidad con esta determinación para que pueda impartirse el primer examen de Reválida Notarial de un día de duración en un plazo no mayor de cuatro años a partir de la presente Resolución. Contará con igual término para atemperar la Tabla de Especificaciones de este examen de modo que se le notifique adecuadamente a las personas aspirantes al ejercicio de la notaría que este examen podrá evaluar las materias siguientes: Derecho de Sucesiones, Derecho Registral Inmobiliario, Derecho de Obligaciones y Contratos, Ética Profesional, Derecho de Familia, Derechos Reales, Contratos Especiales, Derecho Mercantil, Derecho Tributario, Corporaciones y otras figuras jurídicas, tales como fideicomisos, sociedades y otras. En estas gestiones, la Junta Examinadora considerará las recomendaciones consignadas en el Segundo Informe de la Comisión Notarial relativas a la Tabla de Especificaciones, al formato, a la cantidad y la naturaleza de las preguntas del examen de Reválida Notarial. A esos fines, contarán con el apoyo del Secretariado para aclarar cualquier interrogante en torno a su contenido.

Tanto el Director Ejecutivo de la Junta Examinadora como la Directora Ejecutiva del Programa de Educación Jurídica Continua deberán implementar las medidas administrativas necesarias acorde a lo aquí dispuesto.

A los fines de que las Escuelas o Facultades de Derecho realicen todas las gestiones necesarias para adecuar su oferta curricular a los cambios aquí dispuestos, las

enmiendas al Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, supra, así como a la Regla 8(C) del Reglamento Notarial de Puerto Rico, supra, aplicarán al estudiantado de nuevo ingreso matriculado a partir de agosto de 2021.

De otra parte, las enmiendas a la Regla 8(D) del Reglamento Notarial de Puerto Rico, supra, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, supra, así como la enmienda a la Regla 13 (a) del Reglamento del Tribunal Supremo de Puerto Rico, supra, relacionada a la educación jurídica continua del notariado, entrarán en vigor dentro de tres años a partir de su aprobación. Las restantes enmiendas entrarán en vigor inmediatamente.

Por último, reconocemos que el Segundo Informe de la Comisión Notarial representa una importante aportación para el notariado puertorriqueño, por lo cual debe estar accesible a la comunidad. Ante ello, autorizamos que el Secretariado, con el apoyo de la Oficina de Prensa de la Oficina de Administración de los Tribunales, divulgue el Segundo Informe entretanto este Tribunal evalúa la totalidad de las recomendaciones consignadas.

Confiamos que estas medidas fortalecerán la formación académica de las personas aspirantes al ejercicio de la notaría y el desarrollo profesional continuo necesario para que el notariado mantenga un servicio de excelencia a la comunidad. De esta forma, se elevará el estándar de calidad y eficiencia de quienes ejercen una función pública que impacta el tráfico jurídico y la toma de decisiones de envergadura de parte de la comunidad puertorriqueña. Asimismo, se salvaguardan los intereses de la ciudadanía que acude a la sede notarial para concretar negocios y transacciones con repercusiones importantes en sus vidas por lo que se requiere certeza jurídica de dichas transacciones.

Notifíquese al Director Administrativo de los Tribunales; a los y las miembros de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico; a la Directora del Secretariado de la Conferencia Judicial y Notarial; al Director Ejecutivo de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría; a la Directora Ejecutiva del Programa de Educación Jurídica Continua; al Director de la Oficina de Inspección de Notarías; al Director de la Oficina de Prensa; así como a los Decanos y la Decana de las Escuelas y Facultades de Derecho de Puerto Rico.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez está

conforme y emite la expresión siguiente, a la cual se une el Juez Asociado señor Colón Pérez:

Al ordenar la reconstitución de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico (Comisión), este Tribunal expresamente le encomendó la presentación de recomendaciones dirigidas a "elevar el estándar de calidad, transparencia, eficiencia y probidad moral de quienes ejercen la función notarial en Puerto Rico". In re Com. Estudio y Eval. Fun. Notarial, 197 DPR 1, 4 (2016). En aras de cumplir tal encomienda, esta Comisión –compuesta por profesionales del derecho del más alto calibre en lo que respecta el estudio y ejercicio de la notaría en Puerto Rico– realizó una investigación minuciosa sobre las realidades de la práctica notarial en nuestra jurisdicción y plasmó sus conclusiones en el *Segundo Informe de la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico* (Segundo Informe). Según ordenado, este Informe compiló los comentarios y las sugerencias que surgieron de los Talleres Grupales de la Conferencia Notarial e integró el insumo de la Oficina de Inspección de Notarías, la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría, el Programa de Educación Jurídica Continua y la Oficina de Administración de los Tribunales. Asimismo, el producto final reúne los estudios que componen la actualización de la Radiografía del Notariado Puertorriqueño, la cual en esta ocasión implicó realizar la *Encuesta al notariado puertorriqueño: 2018* y la actualización del *Informe sobre la actividad notarial en el Registro de la Propiedad para la Radiografía del notariado puertorriqueño*. De esta manera, el Segundo Informe evaluó el estado actual de la práctica notarial en Puerto Rico desde la perspectiva tanto del notariado como del Registro de la Propiedad.

Los hallazgos del Segundo Informe son preocupantes. En primer lugar, este confirma sin ambages lo que la jurisprudencia voluminosa de este Tribunal sobre asuntos disciplinarios relacionados a la notaría ya hace evidente: que la mayoría de los notarios y notarias en nuestra jurisdicción no dominan el Derecho Notarial, particularmente asuntos relacionados al Derecho Hipotecario y los requisitos para la autorización de instrumentos públicos cabales y eficaces. Segundo Informe, pág. 58. Quizás más preocupante aún, la Comisión concluyó que "luego de haber transcurridos

alrededor de doce años desde la presentación del Informe sobre Actividad Notarial de 2010, la conducta del notariado no ha variado significativamente y presenta faltas relacionadas con las mismas lagunas que hace más de una década". Íd., pág. ix. Según la Comisión, lo anterior se debe, al menos en parte, a que la preparación académica de los aspirantes al ejercicio de la notaría es muy limitada.

Ante este cuadro, y como era de esperar ante la encomienda que se le delegó, la Comisión recomendó enmiendas al ordenamiento notarial con el propósito de robustecer la formación académica de las personas aspirantes al ejercicio de la notaría. En particular, la Comisión concluyó que "la aprobación de un solo curso sobre Derecho Notarial no asegura que un o una aspirante cuente con la preparación necesaria para enfrentarse a los retos y complejidades que la función notarial representa". Íd., págs. xii-xiii (Énfasis suplido). Por tanto, recomendó requerir a los aspirantes aprobar tanto cursos o talleres de notaría con un enfoque práctico como cursos en materias íntimamente relacionadas al ejercicio de la notaría. Esta recomendación cobra aun más urgencia ante la creación de competencias notariales nuevas. Cursos de tan corta duración no permiten profundizar sobre figuras jurídicas legisladas tales como el Poder Duradero, el Matrimonio Notarial, el Divorcio Notarial y las Capitulaciones Matrimoniales Mutables, las cuales requieren de los y las notarias llevar a cabo diligencias anteriores y posteriores a la autorización de los instrumentos públicos requeridos.

También pesó en el ánimo de estos expertos en la notaría el hecho de que en países en donde rige el notariado de estirpe latina el trámite para la admisión a la notaría cuenta con mayor rigurosidad y garantía. Para ejercer la notaría en Costa Rica, por ejemplo, un aspirante necesita obtener un posgrado en notaría, mientras que en Uruguay la persona aspirante debe obtener un grado académico en notaría que implica de cinco a seis años de estudio. Íd., pág. 76. Asimismo, cabe resaltar que durante el proceso de elaboración de enmiendas los miembros de la Subcomisión de Formación Académica adscrita a la Comisión sostuvieron reuniones con la Decana y los Decanos de las tres Escuelas de Derecho del país, quienes se mostraron en la mayor disposición de ampliar la oferta curricular de sus instituciones en materia de derecho notarial para

facilitar el cumplimiento del estudiantado con los requisitos nuevos. Íd., pág. 63. Por último, al momento de emitir sus recomendaciones, la Comisión tuvo presente que la falta de diligencia y de conocimiento sobre el Derecho Notarial por parte de notarias y notarios implican efectos nefastos para la ciudadanía, pues frustra la voluntad de las personas otorgantes o requirentes en el negocio o acto jurídico, provoca incertidumbre sobre los efectos del negocio o acto jurídico, y menoscaba la confianza que tiene la sociedad en nuestro sistema de justicia. Por todo lo anterior, y en especial por esto último, coincido con la Comisión sobre la necesidad y razonabilidad de enmendar aspectos de nuestro ordenamiento notarial para, entre otras cosas, exigir una preparación académica más sólida de nuestros notarios y notarias.

Lejos de disuadir el ejercicio de la notaría, el propósito de estas enmiendas es garantizar que aquellos aspirantes que escojan esa ruta estén preparados para los retos que ello supone. Hacemos un flaco servicio –tanto al país como a los aspirantes– si se permite que estos últimos ingresen al notariado sin antes asegurarnos de que cuentan con las experiencias y herramientas que requiere el ejercicio responsable de tan solemne ministerio. Dado el atractivo económico que supone el ejercicio de la notaría actualmente, no anticipo que ocurra una merma drástica en el número de notarios practicantes en nuestra jurisdicción como consecuencia de estas enmiendas. Máxime cuando estos requisitos aplicarán a estudiantes de nuevo ingreso en agosto de 2021 y que comenzarán a tomar cursos especializados en agosto 2022, por lo que estos tendrán suficiente tiempo para desarrollar un plan de estudio afín con sus intereses profesionales particulares. El tiempo dirá.

Este Tribunal tiene una responsabilidad indelegable de emplear las medidas que tenemos a nuestro alcance para garantizar que el notariado en Puerto Rico descargue competentemente su función. Previo a estas enmiendas, bastaba con que un aspirante aprobara tres créditos en Derecho Notarial, un examen de reválida general que no evalúa la competencia notarial y un examen de reválida notarial para fungir como notario. Ahora, tendrá además que tomar cinco créditos adicionales en Derecho Notarial práctico y aprobar una serie cursos en materias íntimamente relacionadas al

desempeño de la notaría.[5] Ello, a todas luces, representa un paso en la dirección correcta, pues asegurará que los aspirantes cuenten con un mínimo de experiencias y destrezas al momento de ingresar al notariado puertorriqueño. Este Tribunal no debe permitir que cuando en un futuro se realice otro informe sobre el estado de la notaría en Puerto Rico, este reitere los mismos hallazgos consignados en el Segundo Informe: que, simple y sencillamente, la preparación académica de nuestros notarios y notarias no está a la altura de la función pública que ejercen, en detrimento de la ciudanía que confía en estos para formalizar negocios jurídicos que impactan los aspectos más importantes de sus vidas. Ante un panorama tan alarmante, permanecer cruzados de brazos o adoptar reformas a medias simplemente no es una opción.

El Juez Asociado señor Martínez Torres disiente en parte y emite la expresión siguiente, a la cual se une la Jueza Asociada señora Pabón Charneco:

No tengo objeción a la mayoría de las enmiendas que hoy se aprueban. Sin embargo, entiendo que los cambios propuestos a la Regla 7, <u>Requisitos de admisión al examen de reválida notarial</u>, tendrán el efecto de reducir prospectivamente la cantidad de notarios en nuestra jurisdicción. Como la demanda por servicios notariales no se ve afectada, pero sí la oferta de notarios para atender a los ciudadanos, los costos por notarizar documentos subirán. Eso redundará en encarecer los servicios notariales al pueblo. El Tribunal se ha enfocado solamente en la cantidad de problemas éticos que trae ante nosotros la mala práctica de la notaría. No obstante, no ha considerado los efectos económicos de su propuesta ni el impacto que tendrán en la educación legal de aquellos que no interesan dedicarse únicamente a practicar la notaría. Ante la crisis socioeconómica que vivimos, esta no debe ser la respuesta por parte de este Tribunal.

Por primera vez se exige que un abogado tome ciertos cursos en la escuela de derecho para poder sentarse a tomar el examen de reválida. Eso es innecesario debido a que la mayoría de las materias

---

[5] "[N]o se pretende con esto, ratificar el conocimiento ya examinado en la Reválida General, sino evaluar las materias antes mencionadas dentro del contexto de la función notarial específicamente, de modo que la persona aspirante demuestre que tiene la preparación necesaria para atender los asuntos relevantes a dicha área del Derecho dentro del ámbito de la función notarial". Segundo Informe, págs. 77-78.

ya fueron objeto de examen en la reválida general, la cual como recientemente decidimos, hay que aprobar como requisito previo a solicitar el examen de Reválida Notarial. No le hemos dado tiempo a ver el impacto de ese cambio y ahora proponemos otro.

Lo lógico es señalarle a los aspirantes las materias que serán objeto del examen de reválida notarial. Requerirles también que tomen cursos específicos va más allá. Obliga al aspirante que no tomó esos cursos a regresar al aula, después de graduado, a tomar cursos de derecho. En el caso de los aspirantes que no estudiaron en Puerto Rico, representa tomar al menos un semestre adicional de clases. Es oneroso incluso para quienes estudiaron en la Isla, pues si interesan ser notarios tendrán que sacrificar cursos electivos para tomar los que el Tribunal les requiere obligatoriamente. Estamos forzando a un estudiante a decidir temprano si quiere ser notario, aunque este no sabe cuál rumbo tomará su vida profesional. Además, estamos estableciendo unilateralmente los requisitos en el currículo de las escuelas de derecho, en perjuicio de la autonomía de nuestras instituciones educativas. Cerramos el grupo de notarios, todo para que haya menos asuntos disciplinarios. Claro, no hay ningún estudio empírico que nos indique que la práctica notarial mejorará con estos cambios. Solo hay un deseo loable de que así sea.

Es contradictorio requerirle al aspirante que interese sentarse a tomar el examen de reválida notarial que tome unos cursos que no son requeridos para tomar el examen de reválida general. La persona que se sienta a tomar el examen de reválida notarial es un licenciado debidamente juramentado por esta curia. Eso quiere decir que ese aspirante al ejercicio de la notaría demostró tener la competencia mínima que se le requiere para ejercer la profesión legal. ¿Por qué requerirle unos cursos que ya fueron objeto de examen de reválida general para que pueda tomar el examen notarial? ¿Acaso estamos aceptando que nuestro examen de reválida general no prueba las competencias mínimas que todo abogado debe tener para ser admitido a la profesión legal en nuestra jurisdicción?

Las enmiendas propuestas tendrán un impacto negativo en el acceso del público a los servicios notariales, en especial a los más desventajados de nuestra sociedad. La disminución de notarios que los cambios aquí discutidos provocará tendrá el

efecto inevitable de aumentar los costos de los servicios notariales. Solo se necesita un entendimiento básico del concepto de la oferta y la demanda para comprender que una merma de notarios en esta jurisdicción aumentará los precios de instrumentos básicos y necesarios para muchas gestiones de nuestra vida cotidiana. Como bien expresó el hermano Juez Asociado señor Estrella Martínez, "...entre [los] males que limitan el acceso a la justicia convergen mayormente barreras económicas y procesales. Los costos de la litigación y de la representación legal, la falta de acceso para resolver pequeñas reclamaciones y los problemas especiales de los intereses difusos constituyen algunas de las zapatas de esas barreras…". L.F. Estrella Martínez, <u>La figura del notario como promotor del acceso a la justicia</u>, Ed. Situm, 2019, pág. 11. Si queremos asegurar el acceso a la justicia de los ciudadanos, no lo podemos hacer implementado regulaciones que tengan como consecuencia encarecer los costos en los servicios notariales.

Comprendo la preocupación de que tengamos notarios con una formación académica completa y acorde a los estándares de nuestra profesión, pero ello no puede ser a costa de crear rigidez en la educación legal y sin considerar el impacto que tendrán dichos cambios en la accesibilidad de los servicios notariales al pueblo. Después de todo, no tenemos garantía ni estudio empírico que indique que este cambio tendrá el efecto que busca el Tribunal. Debemos estimular que haya mejores notarios, no que haya menos.

La Jueza Asociada señora Pabón Charneco disiente en parte por ser del criterio que exigir ocho créditos en Derecho Notarial a los aspirantes es demasiado oneroso. No hay garantía de que exigir créditos adicionales en notaría conlleve que los futuros aspirantes notarios estén más preparados que los notarios de antaño. A su vez, discrepa del requerimiento de los demás cursos si no son también requeridos para solicitar la reválida general, pues se sobrentiende que los aspirantes que cumplan con los criterios para tomar el examen de reválida notarial ya tienen los conocimientos mínimos en esas materias por haber aprobado la reválida general previo a solicitar la reválida notarial. Asimismo, las preocupaciones que actualmente existen sobre la práctica notarial son adecuadamente atendidas en los cambios al Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría dirigidos a extender el examen de reválida notarial a un día y requerir que solo lo tomen quienes ya estén admitidos al ejercicio de la abogacía. Estos

cambios le brindan mayor rigor al proceso de admisión al ejercicio de la notaría e incitan a que los aspirantes dediquen la debida atención a la preparación para tomar el examen de reválida notarial, sin acarrear condiciones desmesuradas.


                          José Ignacio Campos Pérez
                        Secretario del Tribunal Supremo